UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN ERECTORS, INC.,

    Plaintiff,

v.

OHIO FARMERS INSURANCE CO., an
Ohio corporation and ART IRON, INC.,
an Ohio corporation,

    Defendants.
                              /

Case No. 09-cv-13424

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING ART IRON'S MOTION TO
EXCLUDE TESTIMONY OF AMERICAN
<u>ERECTORS' EXPERT WITNESS</u> (docket no. 40)**

On August 13, 2010, defendant Art Iron, Inc. moved to exclude expert witness testimony proposed by American Erectors, Inc. under Fed. R. Civ. P. 37(c)(1), because American Erectors disclosed the name only of the party offering expert testimony on the date to which they previously stipulated.[1] American Erectors, Inc. claims there was a misunderstanding as to what disclosures the Court's scheduling order required of them at what times, and asks that the Court deny the motion to exclude. The Court agrees that American Erectors' innocent mistake does not warrant the severe remedy of exclusion of testimony. Therefore, it will deny Art Iron's motion.

The Federal Rules requires parties to a civil action to make detailed disclosures about proposed expert testimony "at the times and in the sequence the Court orders." Fed. R.

---

[1] The original scheduling order issued by the Court set the date for "expert disclosures" at July 1, 2010. Docket No. 15. The parties agreed later on to extend that date to July 30, 2010. Docket No. 40, at 2. On July 30, American Erectors submitted the name of its expert to Art Iron. *Id.*

Civ. P. 26(a)(2)(C).  Failure by a party to make these disclosures means that "the party is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless."  *Id.* 37(c)(1).  This exception is meant to "avoid unduly harsh penalties" in cases where the failure to provide needed disclosure is a result of an innocent mistake, rather than an effort by one party to sandbag the other.  *See* Fed. R. Civ. P. 37(c)(1) advisory committee's note (1993);  A district court's decision to exclude expert testimony under this provision is reviewed for an abuse of discretion.  *King v. Ford Motor Co.*, 209 F.3d 886, 900 (6th Cir. 2000).

American Erectors' has shown to the Court's satisfaction that there was a legitimate basis for the confusion as the scheduling order's requirements.  In their stipulated Rule 26(f) conference report, both Art Iron and American Erectors proposed an expert disclosure schedule where the names of the experts were to be disclosed first, followed by the disclosure of reports sometime afterwards.  Docket No. 14, at 2-3.[2]  But the order issued by the Court only mentions "Rule 26(a)(2) expert witness disclosures," without the distinction between names and substantive disclosures.  Docket No. 15, at 1.  Counsel for American Erectors was under what turned out to be a false impression that the Court's order had incorporated this staged disclosure schedule.  Thus, on July 30, counsel submitted the name of her proposed expert witness to counsel for Art Iron, rather than the entire report.

The Court agrees with American Erectors that this error was "substantially justified or harmless."  The Court's scheduling order is ambiguous when considered in light of the mutual agreement between the parties prior to the scheduling conference that disclosure

---

[2]  Art Iron's proposed delay between disclosure of names and reports was actually *longer* than the one proposed by American Erectors.  Docket No. 14, at 2–3.

of information on expert witnesses should be staged. American Erectors' error, in light of this confusion, was understandable. Moreover, any error from the omission appears not to have been of much consequence. American Erectors quickly took remedial measures once it realized the error by segregating the expert report Art Iron submitted without opening it, and proposing to submit its own report on an expedited schedule. Docket No. 42, ¶ 6. Finally, even if neither of these factors were sufficient, the Court agrees with American Erectors that the "sanction" of requiring them to produce the required report on a tight deadline of 21 days would be "appropriate" to remedy what appears to be no more than a misunderstanding. Fed. R. Civ. P. 37(c)(1)(C).

**WHEREFORE**, it is hereby **ORDERED** that Art Iron's motion to exclude expert testimony (docket no. 40) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 4, 2010


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 4, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager